UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| **MARK D. MILLER** | **CIVIL ACTION NO. 5:14-CV-312-KKC** |
|     **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **CAROLYN W. COLVIN,**<br>**Acting Commissioner of Social Security,** | |
|     **Defendant.** | |

\* \* \* \* \* \* \*

The plaintiff Mark D. Miller brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for supplemental security income. The Court, having reviewed the record, will reverse the Commissioner's decision and remand this matter for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Miller's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Miller has not engaged in substantial gainful activity since October 19, 2011, the application date. (Administrative Record ("AR") at 15.)

At step two, the ALJ determined that Miller suffers from the following severe impairments:

> degenerative disc disease/arthritis of the neck, low back, and knee; coronary artery disease with a history of myocardial infarction in April of 2012 with subsequent catheterization[;] sleep apnea, affective disorder; mood disorder; anxiety; and history of poly-substance abuse.

(AR at 15.)

At step three, the ALJ found that Miller did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 15.)

Before proceeding to step four, the ALJ determined that Miller had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. § 416.967(b). The ALJ determined that Miller had the following limitations:

> no lifting/carrying more than 20 pounds occasionally, 10 pounds frequently; no standing/walking more than six hours out of an eight-hour day, and for no more than 30 minutes at one time; no sitting more than six hours of an eight-hour day and for no more than 45 minutes at one time; can do unlimited pushing/pulling up to the exertional limitations; no more than occasional overhead reaching bilaterally; no more than frequent balancing, but no more than occasional stooping, or climbing of ramps or stairs, but no climbing of ladders, ropes or scaffolds and no kneeling, crouching, or crawling; no work in areas of concentrated full-body vibration; no work in areas of concentrated heat or cold; no more than simple, routine work, but can sustain attention for up to two-hour segments; no more than occasional interaction with co-workers or supervisors; no more than occasional contact with the general public; and no more than occasional changes in the workplace setting.

(AR at 16.)

At step four, the ALJ found that Miller is unable to perform any past relevant work. (AR at 19.)

At step five, the ALJ determined that, given the RFC described above, Miller can perform jobs that exist in significant numbers in the national economy and, thus, he is not disabled. (AR at 20.)

## ANALYSIS

Miller first argues that the ALJ erred in failing to give adequate reasons for discounting the opinion of his treating physician, Dr. William Bacon, who opined that Miller could lift less than 10 pounds and could stand, walk and sit less than two hours in an eight-hour day. (AR at 644.) Dr. Bacon further opined that Miller could never climb, balance, stoop, crouch, kneel, or crawl (AR at 649) and that Miller could not "stand up to stress of engaging in productive work activity" or maintain regular attendance at work. (AR at 645.)

ALJs must "evaluate every medical opinion [they] receive" about a claimant and give "controlling weight" to opinions from treating sources "[i]f [they] find that a treating source's opinion . . . is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c), (c)(2). An ALJ must provide "good reasons" for not giving a treating physician's opinion controlling weight. *Id*.

The ALJ gave "little weight" to Dr. Bacon's opinion, finding it inconsistent with Miller's testimony "regarding his church activities, or use of tractor." (AR at 19.) As to his use of a tractor, Miller testified that one day he drove a tractor for his brother for "probably five minutes" and helped feed cattle and horses. He testified he was outside for a total of 10-15 minutes that day. (AR at 47.) This testimony is not inconsistent with Dr. Bacon's opinion. As to Miller's church activities, the Court has not located any testimony by Miller regarding church activities or any other evidence in the record regarding Miller's church activities.

Accordingly, the Court cannot find that the ALJ gave good reasons for discounting Dr. Bacon's opinion and this matter will be remanded to the Commissioner for further consideration of Dr. Bacon's opinion.

Miller also argues that the ALJ erred in discounting the opinion of the state agency examiner and in relying on the opinions of the state agency physician and psychologist. These issues cannot be addressed without first resolving the weight that should be afforded the treating physician's opinion.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 10) is **GRANTED** to the extent that the plaintiff requests that this matter be **REMANDED** to the Commissioner;

2. The defendant's motion for summary judgment (DE 11) is **DENIED**;

3. The decision of the Commissioner is **REVERSED** pursuant to sentence four of 42 U.S.C. § 405(g) and this matter is **REMANDED** to the Commissioner; and

4. A judgment will be entered contemporaneously with this order.

Dated September 23, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4